```
          IN THE UNITED STATES DISTRICT COURT FOR
             THE SOUTHERN DISTRICT OF GEORGIA
                      WAYCROSS DIVISION

UNITED STATES OF AMERICA    )
                            )
v.                          )    CASE NO. CR513-009
                            )
RUSSELL JAY NEWELL,         )
                            )
     Defendant.             )
                            )
```

## O R D E R

Before the Court is Defendant Russell Jay Newell's Motion for Compassionate Release (Doc. 87), which the Government opposes (Doc. 88). For the following reasons, Defendant's motion (Doc. 87) is **DENIED**.

### BACKGROUND

In July 2013, Defendant pleaded guilty of possession of a firearm by a convicted felon/armed career criminal and possession with intent to distribute methamphetamine. (Doc. 27.) Defendant was sentenced to 188 months' imprisonment. (Doc. 39.) According to the BOP website, Defendant is currently incarcerated at the Danbury Federal Correctional Institution ("FCI") in Danbury, Connecticut with a projected release date of December 18, 2026. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on August 3, 2020).

### ANALYSIS

Defendant seeks compassionate release due to the COVID-19 pandemic. (Doc. 87 at 2.) Defendant contends that his history of

testicular cancer puts him at higher risk should he contract COVID-19. (Id. at 6.) Defendant also claims that he exhausted his administrative remedies. (Id. at 7.) The Government opposes Defendant's request. (Doc. 88.) The Court finds that Defendant's motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) should be denied.

I.  ELIGIBILITY FOR COMPASSIONATE RELEASE

18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration;" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

2

Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). For a medical condition to qualify as an extraordinary and compelling reason, the condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii).

In seeking compassionate release, Defendant contends that his underlying conditions of his history of testicular cancer, and the

3

concomitant compromised immune system from chemotherapy, make him vulnerable to COVID-19. (Doc. 87 at 6.) Defendant also contends that he has exhausted his administrative remedies.[1] (Id. at 7.)

In response, the Government recognizes that the CDC includes cancer as a condition that renders the individual at an increased risk of severe illness from COVID-19 and that the CDC finds an immunocompromised state might render the individual at increased risk. (Doc. 88 at 12.) However, the Government contends that Defendant has failed to demonstrate the Defendant currently has cancer or is presently immunocompromised. (Doc. 88 at 13.) In sum, the Government argues that while cancer and a compromised immune system would qualify as a "extraordinary and compelling reason" for compassionate release[2], Defendant has not provided any evidence that he has these conditions and the BOP's medical records indicate that Defendant is cancer free and not taking any medications that currently suppresses his immune system. (Id. at 14.)

The Court agrees. The Court has reviewed the medical records supplied by the Government from the BOP and Defendant's supplement to his motion (Doc. 93) and does not find any evidence that

---

[1] The Government concedes that Defendant has exhausted his administrative remedies. (Doc. 88 at 6 n.3.)
[2] The Court recognizes that the Government does not necessarily contend that those conditions that the CDC contends "might" place individuals at an increased risk of severe illness due to COVID-19 are, on their own, extraordinary and compelling reasons for compassionate release. For the purposes of this motion, however, the Court groups them together.

4

Defendant currently suffers from any condition that would place him at a higher risk of severe illness if he contracted COVID-19. The Court does not find that COVID-19 is in and of itself an extraordinary and compelling reason to warrant compassionate release. See Raia, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread."). Accordingly, the Court denies Defendant's motion.

## II. Consideration of the Sentencing Factors

Further, even if this Court found Defendant had presented evidence of a qualifying medical condition that constituted extraordinary and compelling reasons for compassionate release, this Court would still deny Defendant's motion. In considering a defendant's motion pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court must consider the factors set forth in § 3553(a). The Court finds that the factors set forth in 18 U.S.C. § 3553(a) weigh against releasing Defendant. Section 3553(a) provides the following factors for the court's consideration:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the need for the sentence imposed—
    A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B. to afford adequate deterrence to criminal conduct;

   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3) the kinds of sentences available;
4) the kinds of sentence and the sentencing range established . . .;
5) any pertinent policy statement . . .;
6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7) the need to provide restitution to any victims of the offense.

Courts may, even after finding a defendant eligible for compassionate release, find that the § 3553(a) factors weigh against release. See United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020) (affirming a district court's denial of a defendant's motion for compassionate release where the district court found that, although the defendant had an extraordinary and compelling reason for compassionate release, the § 3553(a) factors weighed against a sentence reduction); United States v. Rodd, No. 19-3498, 2020 WL 4006427, at *6 (8th Cir. July 16, 2020) (affirming a district court's denial of a defendant's motion for compassionate release based on the § 3553(a) factors); United States v. Pawlowski, No. 20-2033, 2020 WL 3483740, at *2 (3d Cir. June 26, 2020) (same); United States v. Kincaid, 802 F. App'x 187, 188 (6th Cir. 2020) (same).

In July 2013, Defendant pleaded guilty of possession of a firearm by a convicted felon/armed career criminal and possession

6

with intent to distribute methamphetamine. (Doc. 27.) During his sentencing hearing, the Court noted Defendant's lengthy substance abuse history, his extensive criminal history, and the fact that Defendant is classified as both a career offender and an armed career criminal. (Doc. 47 at 9.) The Court further noted that Defendant's guidelines range was 188 to 235 months' imprisonment but felt that 188 months' imprisonment was sufficient to adequately reflect the seriousness of the offense conduct and to afford adequate deterrence to future criminal conduct. (Id. at 10-11.)

While the Court is sensitive to the concerns that Defendant has for his health and safety due to the COVID-19 pandemic, the Court finds that a reduction in his sentence is not warranted. Considering the § 3553(a) factors, the Court is instructed to consider the need of the sentence imposed to "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a). The Court does not find that the sentence imposed should be reduced. Reducing Defendant's sentence would not reflect the seriousness of the offense or provide just punishment.

At this time, Defendant has six years left on his sentence. Considering the facts surrounding this offense, namely that Defendant participated in a dangerous high-speed car chase and then fled on foot with a firearm, the Court finds that reducing Defendant's sentence to time served would not reflect the seriousness of the crime. Additionally, the Court finds that reducing Defendant's term of imprisonment would not adequately provide a deterrence to criminal conduct and would not promote respect for the law. As this Court discussed during Defendant's sentencing hearing, Defendant has an extensive criminal history that ultimately rendered him an armed career criminal and a career offender. (Doc. 47 at 9.) The factors weigh against reducing Defendant's sentence. Accordingly, the Court finds that a reduction in Defendant's term of imprisonment is not warranted at this time.

## CONCLUSION

Accordingly, based on the foregoing, Defendant's Motion for Compassionate Release (Doc. 87) is **DENIED**.

SO ORDERED this 3rd day of August 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA